## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01330

SHERRIE M. PATTERSON, and
ALEXANDRIA M. PATTERSON,

      Plaintiffs,

v.


WILLIAMS & FUDGE, INC.,

      Defendant.

---

## COMPLAINT

---

NOW comes SHERRIE M. PATTERSON ("Sherrie") and ALEXANDRIA M. PATTERSON ("Alexandria") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of WILLIAMS & FUDGE, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

4.   Joinder of Plaintiffs' claims is proper pursuant to Fed. R. Civ. Pro. 20(a)(1), as their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

**PARTIES**

5.   Sherrie and Alexandria are 41 and 21 year old natural persons, respectively, who reside in Colorado Springs, Colorado, which lies within the District of Colorado.

6.   Sherrie is Alexandria's mother.

7.   Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

8.   Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

9.   Defendant is a debt collection agency that "aid[s] colleges and universities in the recovery of education-related receivables."[1] Defendant is a corporation organized under the laws of the state of South Carolina with its principal place of business located at 300 Chatham Avenue, Rock Hill, South Carolina.

10.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.wfcorp.com/about/philosophy-history-and-office/

### FACTS SUPPORTING CAUSES OF ACTION

12.  The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Alexandria.

13.  In approximately the summer of 2017, Plaintiffs began receiving calls to their cellular phones from Defendant.

14.  Sherrie's cellular phone number is (719) XXX-9186.

15.  Alexandria's cellular phone number is (719) XXX- 0758.

16. At all times relevant to the instant action, Sherrie was the sole subscriber, owner, and operator of the cellular phone ending in 9186. Alexandria was the sole subscriber and operator of the cellular phone ending in 0758. Plaintiffs are and have always been financially responsible for the above referenced cellular phones and their services.

17.  Defendant uses a variety of phone numbers when calling Plaintiffs' cellular phones, including by not limited to (719) 270-9286, (719) 270-9316, (803) 329-9793, and (803) 326-1188. Upon belief, Defendant has used other numbers as well.

18.  Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

19.  Upon answering calls from Defendant, Plaintiffs experience a noticeable pause, lasting a few seconds in length, before being connected to a live representative.

20.  When Sherrie spoke with Defendant, she was informed that it calling to collect upon the subject debt said to be owed by Alexandria.

21.   Sherrie was confused as to why Defendant was calling her regarding the subject debt, because this debt was her daughter's and had nothing to do with her as she was not a co-signor on the subject debt nor had her contact information been provided to Defendant.

22.   Notwithstanding this information, Defendant continued contacting Sherrie regarding the subject debt, and even went into detail with Sherrie about the nature of the subject debt said to be owed by Alexandria.

23.   As a result of Defendant's relentless phone calls, Sherrie made a payment on the subject debt for her daughter, even though the debt was in no way her obligation.

24.   Further, the harassing nature of Defendant's collection efforts prompted Sherrie to demand that Defendant cease calling her cellular phone.

25.   Despite Sherrie's demands, Defendant has continued to place calls to her cellular phone seeking to collect upon the subject debt up until the filing of the instant action.

26.   Throughout the same time Sherrie was dealing with Defendant, Alexandria was similarly receiving phone calls from Defendant attempting to collect upon the subject debt.

27.   Upon speaking with Defendant, Alexandria informed it that she had lost her job and was unable to make payment, but that she would attempt to address the subject debt once financially able.

28.   Notwithstanding this information, Defendant continued calling Alexandria's cellular phone.

29.   Due to the harassing nature of these phone calls, as well as the harassing nature of the calls placed to her mother, Alexandria demanded that Defendant stop calling her cellular phone, as well as her mother's cellular phone.

30. Despite Alexandria's demands, Defendant continued to place relentless phone calls to Plaintiffs' cellular phones up until the filing of the instant action.

31. Sherrie has received not less than 20 phone calls from Defendant since it was told to stop calling.

32. Alexandria has received not less than 50 phone calls from Defendant since it was told to stop calling.

33. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

34. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions. In fact, Defendant's conduct has created a significant amount of strain in the familial relationship between Sherrie and Alexandria.

35. Sherrie suffered additional damages by virtue of being harassed and pressured into making a payment on the subject debt even though she had no underlying obligation.

36. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (PLAINTIFFS AGAINST DEFENDANT)

37. Plaintiffs repeat and reallege paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiffs are a "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

39. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

40. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

41. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692b & c(b)

42. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Further, under § 1692b(2), a debt collector cannot "state that [a] consumer owes any debt." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

43. Defendant violated §1692b, b(2), b(3), and c(b) through the numerous contacts and conversations it had with Sherrie seeking to collect upon a debt said to be owed by her daughter Alexandria. Sherrie explicitly notified Defendant that she was not the individual it was looking for

and demanded that it stop calling her. Defendant had more than enough information to know that the number it was calling did not belong to Alexandria. Armed with this information, Defendant still continued to call Sherrie's cellular phone repeatedly without her consent. Additionally, on these phone calls, Defendant provided Sherrie with information about the subject debt, including that Alexandria owed a debt, in violation of the FDCPA.

44. Furthermore, Defendant violated the FDCPA by contacting Sherrie without Alexandria's prior consent. Alexandria never provided Sherrie's contact information to Defendant or the originator of the subject debt and never consented to Defendant contacting Sherrie. Nevertheless, Defendant contacted Sherrie on numerous occasions without the prior consent of Alexandria in violation of the FDCPA.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

45. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

46. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop and that Sherrie was in no way responsible for the underlying debt. Defendant called Sherrie at least 20 times after she demanded that it stop and after becoming aware that Sherrie was not the party it was seeking. Further, Defendant contacted Alexandria at least 50 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiffs' phones

despite their demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

47. Defendant was notified by Plaintiffs that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to them.

48. Furthermore, Defendant violated §1692d by repeatedly contacting Sherrie seeking to collect upon the subject debt. Defendant engaged in its incessant collection campaign directed at Sherrie's cellular phone with the knowledge that she was not the party it was seeking. Nevertheless, Defendant persisted in its efforts, even pressuring Sherrie into making payment on the subject debt despite her having no obligation to do so. In so doing, Defendant's conduct demonstrates that it was placing such phone calls both in an abusive attempt to have Alexandria's family members pay the subject debt, as well as in hopes that such outward pressure of family members would compel Alexandria to make payment on the subject debt.

### c.   Violations of the FDCPA § 1692e

49. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

51. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Through its phone calls to Sherrie, Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Sherrie that it

was calling the wrong person and to stop calling. Nevertheless, Defendant called Sherrie at least 20 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not hers. Additionally, Defendant placed at least 50 phone calls to Alexandria's cellular phone seeking to collect upon the subject debt. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue placing calls to their cellular phones via an automated system when it did not have consent to do so.

### d. Violations of FDCPA § 1692f

52. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

53. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Sherrie over 20 times after being notified to stop and that Sherrie was not the party it was seeking to speak with. Attempting to coerce, and actually coercing, Sherrie into payment by placing repeated phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Sherrie.

54. Further, Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Alexandria at least 50 times after she demanded that the phone calls stop. Attempting to coerce Alexandria into making payment by placing repeated phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Alexandria.

55. Defendant further violated §1692f by unfairly contacting Alexandria's family member, Sherrie, in an attempt to collect upon the subject debt. It was unfair for Defendant to attempt to leverage Alexandria into making payment on the subject debt by placing voluminous and repeated

phone calls to Sherrie. Such conduct unfairly sought to create additional pressure on Alexandria in order to compel her making payment. This unfair and unconscionable behavior has even led to fights breaking out between Sherrie and Alexandria.

56. As pled in paragraphs 31 through 36, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, SHERRIE M. PATTERSON and ALEXANDRIA M. PATTERSON, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (PLAINTIFFS AGAINST DEFENDANT)

57. Plaintiffs repeat and reallege paragraphs 1 through 56 as though fully set forth herein.

58. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

59. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones. The noticeable pause, lasting a few seconds in length, that Plaintiffs experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

60. Defendant violated the TCPA by placing at least 20 phone calls to Sherrie's cellular phone using an ATDS without her consent. Sherrie never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Further, Alexandria never provided Sherrie's contact information to Defendant nor the originator of the subject debt. Any consent Sherrie *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Sherrie's demands that Defendant cease contacting her.

61. Defendant further violated the TCPA by placing at least 50 phone calls to Alexandria's cellular phone using an ATDS without her consent. Any consent Defendant *may* have had to contact Alexandria by virtue of her incurring the subject debt was explicitly revoked by her demands that Defendant cease calling her cellular phone.

62. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

63. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, SHERRIE M. PATTERSON and ALEXANDRIA M. PATTERSON, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 10, 2018                              Respectfully submitted,

s/ Nathan C. Volheim                             s/Taxiarchis Hatzidimitriadis
*Nathan C. Volheim*                              *Taxiarchis Hatzidimitriadis*
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com
Attorney for Plaintiff                           Attorney for Plaintiff